UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-21223-CIV-HUCK/BANDSTRA

THE LAW OFFICES OF DAVID J. STERN,
P.A.,

    Plaintiff/Counter-Defendant,

v.

CITIMORTGAGE, INC.,

    Defendant/Counter-Plaintiff.
_____/

## JOINT SCHEDULING REPORT AND DISCOVERY PLAN

Plaintiff/Counter-Defendant, the Law Offices of David J. Stern, P.A. ("DJSPA"), and Defendant/Counter-Plaintiff, CitiMortgage, Inc. ("CMI") hereby file this Joint Scheduling Report and Discovery Plan in accordance with Federal Rule of Civil Procedure 26(f) and Local Rule 16.1.B. The parties state as follows:

    **I.**    **Scheduling Conference Report**

The Parties have discussed the following issues enumerated in Local Rule 16.1.b.2 and submit the following:

    **A.**    **Likelihood of Settlement**

The parties believe that settlement is possible, though not likely, but will continue to endeavor to reach an amicable resolution.

    **B.**    **Likelihood of Appearance of Additional Parties**

Federal National Mortgage Association ("Fannie Mae"), has a pending Motion to Intervene in this case [D.E. 18]. Federal Home Loan Mortgage Corporation ("Freddie Mac") may also seek to participate in this case in some manner. The Fannie Mae Motion to Intervene is

1

set for hearing on June 29, 2011 [D.E. 31]. The parties agree that it is unlikely that additional parties will appear in this case.

   **C.**  **Proposed Limits on Time:**

The Court's April 12, 2011 Order Setting Non-Jury Trial Date and Pretrial Schedule, Requiring Mediation and Referring Certain Motions to Magistrate Judge [D.E. 8] obviates the need for the parties to agree on proposed limits on time. The dates/deadlines are as follows:

| | |
|---|---|
| June 29, 2011 | Rule 26(a)(1) disclosures |
| July 14, 2011 | Motions to join additional parties |
| July 25, 2011 | Plaintiff's expert witness list |
| August 3, 2011 | Plaintiff's expert report |
| August 3, 2011 | Parties exchange witness lists |
| August 15, 2011 | Defendant's expert witness list |
| August 18, 2011 | Mediator selection |
| August 23, 2011 | Defendant's expert report |
| September 2, 2011 | Plaintiff's rebuttal expert list |
| September 7, 2011 | Plaintiff's rebuttal expert report |
| September 12, 2011 | Deadline for notify Court of unresolved discovery motions |
| September 27, 2011 | Deadline for summary judgment and dispositive motions |
| September 27, 2011 | Discovery complete |
| October 3, 2011 | Deadline to complete mediation |
| October 21, 2011 | Parties to meet and confer regarding pretrial stipulation |
| October 21, 2011 | Parties to file pretrial disclosures |
| November 1, 2011 | Deadline for motions in limine and other pretrial motions |
| November 1, 2011 | Deadline for parties to file motion for continuance |
| November 2, 2011 | Parties' pretrial Local Rule 16.1(d) meeting |
| November 4, 2011 | Deadline for Rule 26(a)(3) objections |
| November 11, 2011 | Pretrial stipulation |
| November 14, 2011 | Proposed findings of fact and conclusions of law |
| November 16, 2011 | Calendar call |
| November 21, 2011 | Two-week trial period begins |

   **D.**  **Proposals for the Formulation and Simplification of Issues; Number and Timing of Motions for Summary Judgment;**

The parties agree to work together to simplify the issues and stipulate to as many facts as possible. The parties agree to participate in an analysis of the invoices at issue and to attempt to narrow the claims based on the results of their analysis.

2

**E.   Necessity and Desirability of Amendments to the Pleadings;**

The parties do not currently anticipate amendments to the complaint or the counterclaim. The parties may desire to amend their respective pleadings based on the potential participation in this case of Fannie Mae and/or Freddie Mac.

**F.   Possibility of Obtaining Admissions of Fact, Electronically Stored Information, Stipulations, etc.;**

The parties will strive to resolve any disputed issues of fact and will, whenever possible, stipulate to the operative facts. The parties have discussed discovery and production of electronically stored information as contemplated by the Court's rules and agree that information shall be produced in native electronic format when possible. There may be certain types of electronically stored information that will be easier to manage if produced in a more universal format, such as CSV (comma separated value) format. The parties will discuss these issues as specific types of data come to the parties' attention in the course of discovery.

**G.   Suggestions for the Avoidance of Unnecessary Proof and Cumulative Evidence;**

The parties agree to work together to simplify the issues and stipulate to as many facts as possible. The parties will conduct an informal review of the invoices at issue and will attempt to stipulate to the authenticity of certain invoices following the informal review.

**H.   Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master;**

The Court's April 12, 2011 Order Setting Non-Jury Trial Date and Pretrial Schedule, Requiring Mediation and Referring Certain Motions to Magistrate Judge [D.E. 8] obviates the need for the parties to agree on referring discovery matters to a Magistrate Judge. The parties have not agreed to refer non-discovery matters to a Magistrate Judge.

I.      **Preliminary Estimate of the Time Required for Trial;**

The parties believe that the trial of this matter should take approximately 5-7 days. This estimate is based on the parties' current understanding of the issues involved in the claims and counterclaims and is subject to change based on the parties' ongoing efforts to understand, narrow and refine the issues.

J.      **Requested Date or Dates for Conferences Before Trial, Final Pretrial Conference, and Trial;**

The Court's April 12, 2011 Order Setting Non-Jury Trial Date and Pretrial Schedule, Requiring Mediation and Referring Certain Motions to Magistrate Judge [D.E. 8] obviates the need for the parties to agree or request dates for pretrial matters. However, the parties note that the Court's April 12, 2011 Order does not set a date for a final pretrial conference with the Court. As the date for trial approaches, either or both of the parties may request such a conference with the Court.

K.      **Other Information**

Not Applicable.

II.     **Discovery Plan**

A.      **Changes to the timing, form, or requirement for disclosures under Rule 26(a);**

The parties agree that no changes should be made in form or requirement to the Rule 26(a) disclosures. The parties agree to submit Rule 26(a) disclosures by June 29, 2011.

B.      **Subjects on which discovery may be needed; when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

The parties agree that discovery will encompass a variety of matters, including DJSPA's provision of legal services to CMI, CMI's termination of DJSPA, CMI's efforts to obtain

4

replacement counsel following the termination of DJSPA, amounts expended by CMI in connection with the retention of successor foreclosure counsel, and amounts expended by CMI which may result in an offset of any amounts DJSPA is or may be owed. Discovery will be completed by September 27, 2011. The parties agree that there should be no division or phasing of discovery.

**C.     Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;**

The parties agree to produce electronically stored information in native format to the extent possible or, when requested, to produce electronically stored information in a universal format such as .csv. The parties further agree to produce electronically stored information in .tif or .pdf format to the extent production in native format or .csv is impractical.

**D.     Any issues about claims or privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the Court to include their agreement in an order;**

The parties agree that if a party inadvertently discloses privileged or trial preparation material(s) to the other party, it shall notify the other party of said inadvertent disclosure. After the requesting party is notified, it must return, sequester, or destroy all information until the claim of privilege or protection is resolved. The parties further establish a "clawback agreement," whereby materials that are produced without intent to waive privilege or protection are not deemed waived and are to be returned to the responding party, as long as the responding party identifies the documents inadvertently produced in a timely manner.

**E.     What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and,**

The parties agree that no changes in the limitations on discovery or any other limitations should be imposed.

**F.** **Any other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The parties agree that no further orders under Rules 26(c), 16(b), or 16(c) are needed at this time.

Dated: **June 15, 2011**                                                            Respectfully submitted,

| | |
|---|---|
| **TEW CARDENAS LLP** | **ROGERS & HARDIN, LLP** |
| *Counsel for Plaintiff/Counter-Defendant,* | *Counsel for Defendant/Counter-Plaintiff* |
| *The Law Offices of* | *CitiMortgage, Inc.* |
| *David J. Stern, P.A.* | Peachtree Center |
| 1441 Brickell Avenue, 15th Floor | 229 Peachtree Street, N.E. |
| Miami, Florida  33131 | 2700 International Tower |
| Telephone: (305) 536-1112 | Atlanta, GA 30303-1601 |
| Facsimile:  (305) 536-1116 | Telephone: (404) 420-4650 |
| | |
| By:   s/ James E. Malphurs         | By:   s/ Christopher J. Willis         |
| Jeffrey A. Tew | Christopher J. Willis |
| Florida Bar No. 121291 | Florida Bar No. |
| jt@tewlaw.com | cwillis@rh-law.com |
| Matias R. Dorta | |
| Florida Bar No. 770817 | |
| mrd@tewlaw.com | |
| James E. Malphurs | |
| Florida Bar No. 67228 | |
| jmalphurs@tewlaw.com | |

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **June 15, 2011**, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the Service List below via transmission of Notice of Electronic Filing generated by CM/ECF.

By: s/James E. Malphurs
James E. Malphurs

## SERVICE LIST

**Jeffrey A. Tew, Esq.**
**Matias R. Dorta, Esq.**
**James E. Malphurs, Esq.**
**TEW CARDENAS LLP**
*Counsel for Plaintiff/Counter-Defendant*
*The Law Offices of David J. Stern, P.A.*
1441 Brickell Avenue, 15th Floor
Miami, Florida  33131
Telephone: (305) 536-1112
Facsimile:  (305) 536-1116
[via CM/ECF]

**Robert T. Wright, Jr., Esq.**
**Irene Oria, Esq.**
**STROOCK & STROOCK & LAVAN, LLP**
*Counsel for Defendant/Counter-Plaintiff*
*CitiMortgage, Inc.*
200 South Biscayne Boulevard
Suite 3100
Miami, FL 33131
Telephone: (305) 789-9326
Facsimile: (305) 416-2826
e-mail: rwright@stroock.com
e-mail: ioria@stroock.com
[via CM/ECF]

**Amanda Star Frazer, Esq.**
**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**
*Attorneys for Intervenor Federal National Mortgage Association*
201 South Biscayne Boulevard
34th Floor
Miami, FL 33131
Telephone: (305) 403-8788
Facsimile: (305) 403-8789
e-mail: af@lkllaw.com
[via CM/ECF]

**Christopher J. Willis, Esq.**
**John K. Larkins, III, Esq.**
**Stefanie H. Jackman, Esq.**
**ROGERS & HARDIN, LLP**
*Counsel for Defendant/Counter-Plaintiff*
*CitiMortgage, Inc.*
Peachtree Center
229 Peachtree Street, N.E.
2700 International Tower
Atlanta, GA 30303-1601
Telephone: (404) 420-4650
e-mail: cwillis@rh-law.com
e-mail: jlarkins@rh-law.com
e-mail: sjackman@rh-law.com
[via CM/ECF]

555560.1